IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DEBRA POWELL, §§§§§§§§§§§§§ | |
| *Plaintiff,* | CASE NO.: 0:22-cv-60131 |
| v. | |
| FIRST NATIONAL COLLECTION BUREAU, INC., | |
| *Defendant.* | |

_____/

**Defendant's Partial Motion to Dismiss**

COMES NOW, Defendant AFNI, Inc. ("Defendant") and files this Partial Motion to Dismiss Plaintiff's Amended Complaint, and will show onto this court as follows:

### I.    Introduction

As relevant here, in her Amended Complaint, Plaintiff posits that Defendant violated the FDCPA by attempting to collect the Consumer Debt from her without possessing a valid consumer license. The dilemma for Plaintiff however is that Defendant does indeed have a valid consumer collection agency license. In fact, Plaintiff referenced such actuality in her original Complaint. Not to be deterred though, she now seeks to have this court declare the license invalid. But this court can't as such a decision is left solely to the Office of the Commission.

### II.    Background Information / Procedural History

Plaintiff filed her Complaint on November 24, 2022. Doc. 1-4. Defendant timely removed this matter to this Court on January 18, 2022. Doc. 1. Plaintiff's

Complaint alleges that Defendant violated certain provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). Doc. 1-4. Specifically, Plaintiff alleges that Defendant violated section 1692c(b) by disclosing information related to Plaintiff's debt to an unauthorized third-party, section 1692e by not maintaining a valid Florida debt collection license, and sections 1692g and section 1692e by not informing Plaintiff that interest or other fees were accruing on the debt.[1] *Id*. This Partial Motion to dismiss only addresses Plaintiff's Count 2 brought pursuant to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10) for allegedly not maintaining a valid Florida debt collection license.

Plaintiff's claim concerning the license is brought under sections 1692e, 1692e(2)(A), 1692e(5), and 1692e(10) of the FDCPA. Doc. 1-4 at 6. Plaintiff claims that "Defendant is liable to Plaintiff for attempting to collect the Consumer Debt from Plaintiff without possessing a valid consumer collection agency license in accordance with Florida law." *Id.* ¶ 41. Plaintiff claims that Defendant does not have a valid consumer collection agency license in accordance with Florida law because Defendant does not maintain all the records required by Rule 69V-180.080, Florida Administrative Code. *Id.* ¶ 16. Plaintiff fails to specify exactly how Defendant failed to maintain a valid consumer collection agency license beyond these vague assertions that Defendant does not maintain the proper records.

---

[1] While not the subject of this Motion, the debt was static at all times it was placed with Defendant.

**Defendant's Partial Motion to Dismiss**  Page **2** of **12**
Partial MTD-29621

Plaintiff's claim concerning the license fails for a variety of reasons. First, Defendant has a valid and active consumer collection agency license, and therefore Plaintiff has no claim. Exhibit A.[2] Second, Plaintiff fails to actually allege how Defendant failed to maintain a valid consumer collection agency license, and only vague alleges that Defendant does not keep proper records. Finally, only the Office of Financial Regulation (the "Office") of the Financial Services Commission (the "Commission")[3] has the ability to suspend or revoke a registration, and until such action has been taken by the Commission, the consumer collection agency license remains valid. *See Welch v. Fla. W. Coast*, 816 So. 2d 711, 713 (Fla. Dist. Ct. App. 2002) ("We conclude that under the provisions set out above, registration is complete upon submission of the registration form together with the required fee but may be rejected thereafter."). Therefore, there cannot be any liability under the FDCPA, as Plaintiff cannot show a valid cause of action. For these reasons, Defendant's Motion to Dismiss should be granted.

### III.     Standard of Law

In ruling on a motion to dismiss, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Rule(s)), the Court must accept the factual allegations set forth in the complaint as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *see also Lotierzo v. Woman's World Med. Ctr., Inc.*, 278 F.3d 1180, 1182 (11th Cir.

---

[2] The Court can take judicial notice of this fact, as it is a public record issued by a state licensing agency. "Courts routinely take judicial notice of license records." *Cobb v. Enhanced Recovery Co., LLC*, No. 3:17-CV-1629 (VLB), 2019 U.S. Dist. LEXIS 38074, at *2-3 (D. Conn. Mar. 11, 2019).
[3] As defined in Fla. Stat. § 599.55.

2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. *See Omar ex. rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam). Nonetheless, the plaintiff must still meet some minimal pleading requirements. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Jackson*, 372 F.3d at 1262 (explaining that "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." *See Iqbal*, 556 U.S. at 678, 680-81. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

The Eleventh Circuit has instructed that a district court may consider extrinsic evidence in ruling on a motion to dismiss "if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010); see also *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267-68 (11th Cir. 2002). "Judicial notice is a means by which adjudicative facts not seriously open to dispute are established as true without the normal requirement of proof by evidence." *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004). Judicial notice is appropriate at any stage of the proceeding. Fed. R. Evid. 201(d). Under Rule 201(b), judicial notice of an adjudicative fact is appropriate when such fact (1) is generally known within the court's territorial jurisdiction; or (2) is capable of being accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). An adjudicative fact is a fact that is "relevant to a determination of the claims presented in a case." *Dippin' Dots, Inc.*, 369 F.3d at 1204. A court must take judicial notice if a party requests the court to take judicial notice and the court is supplied with the necessary information. Fed R. Evid. 201(c)(2).

## IV.  Argument

**1. Defendant has a valid consumer collection agency license.**

The most glaring predicament with Plaintiff's FAC is that Defendant has a valid consumer collection agency license registered with the Commission. Attached hereto as Exhibit A to this Partial Motion to Dismiss, is a copy of Defendant's Consumer Collection Agency license, as available from the Office of Commission. Defendant requests that this Court take judicial notice of this license, which is on file with the Office of the Commission.

"Courts routinely take judicial notice of license records." *Cobb v. Enhanced Recovery Co., LLC*, No. 3:17-CV-1629 (VLB), 2019 U.S. Dist. LEXIS 38074, at *2-3 (D. Conn. Mar. 11, 2019); *see also Massachusetts v. Westcott*, 431 U.S. 322, 323 n. 2, 97 S. Ct. 1755, 52 L. Ed. 2d 349 (1977) (taking judicial notice of a vessel's license to fish for mackerel); *Fernandez v. Zoni Language Centers, Inc.*, 2016 U.S. Dist. LEXIS 65310, 2016 WL 2903274 at *3 (S. D. N. Y. May 18, 2016) (taking judicial notice of the fact that the plaintiffs were accredited and certified to operate as Second Language Schools in New York). In particular, government records, such as official documents from the Secretary of State or other state agency, possess the "requisite level of reliability" required for a court to take judicial notice. *Learning Connections, Inc. v. Kaufman, Englett & Lynd, PLLC*, No. 6:11-cv-368-Orl-19GJK, 2012 U.S. Dist. LEXIS 200721, at *15 (M.D. Fla. Jan. 18, 2012); *E.E.O.C. v. Jeff Wyler Eastgate, Inc.*, No. 1:03CV662, 2006 U.S. Dist. LEXIS 72344, 2006 WL 2785774, at *3 (S.D. Ohio Jan. 9, 2006); *Vista Exploration Co. v. Mewbourne Oil Co.*, No. CIV-10-213-C, 2010 U.S. Dist. LEXIS 48595, 2010 WL 1980196, at *2 n.3 (W.D. Okla. May 17, 2010) ( "A certified public record kept by the Secretary of State is clearly" a record that is "'capable of accurate and ready determination . . . that cannot reasonably be questioned'")129637, 2014 WL 4607484 at *2 (N.D. Cal. Sept. 15, 2014) (taking judicial notice of NMLS online records because it is a "matter[ ] of public record, provided by a government agency for public review").

Further, this is the same license as referenced in Plaintiff's Complaint. *Compare* Doc. 7 ¶ 12-13 ("Defendant is registered with the Florida Office of Financial Regulation as a 'Consumer Collection Agency.' Defendant's 'Consumer Collection Agency' license number is CCA0900303.) *with* Exhibit A (LICENSE NUMBER: CCA0900303). Therefore, any

claims that Defendant is not registered and does not have a consumer collection agency license fail.

2. **Plaintiff failed to plead a viable cause of action.**

As stated *supra,* Plaintiff's new claims are brought under sections 1692e, 1692e(2)(A), 1692e(5), and 1692e(10). Doc. 7. Section 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. Section 1692e(2)(A) specifically prohibits the "the character, amount, or legal status of any debt;" section 1692e(5) specifically prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken;" and section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* Plaintiff first claims that Defendant violated these sections of the FDCPA by not maintaining a valid consumer collection agency license

The Eleventh Circuit has held that "a violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010). Plaintiff however doesn't allege that Defendant failed to register with the Commission or failed to receive a consumer collection agency license. Doc. 7 at 5-8. In fact, Plaintiff alleges that Defendant is licensed. Doc. 7 ¶ 12-13 ("Defendant is registered with the Florida Office of Financial Regulation as a 'Consumer Collection Agency.' Defendant's 'Consumer Collection Agency' license number is CCA0900303."). Further, the Court can take judicial notice of Defendant's license. Exhibit A. Therefore,

Plaintiff must be alleging that Defendant somehow failed to maintain a "valid registration." *Id.*

Nevertheless, Plaintiff fails to actually declare how Defendant allegedly failed to maintain a valid registration. Plaintiff's FAC lists the administrative requirements specified by Florida Administrative Code Rule 69V-180.090, which requires that a collection agency maintain copies of certain documents for a specified time frame. Doc. 7 at 6-7. Nothing in the FAC however links these requirements to any action or inaction of Defendant that was directed towards Plaintiff, nor does Plaintiff identify why she believes that FAC does not comply with Rule 69V-180.090. Further, if this is her claim, Plaintiff likewise fails to identify which documents AFNI allegedly does not keep which leads to non-compliance with these administrative requirements, and only vague alleges that Defendant does not maintain these records and/or does not keep them current.

As such, Plaintiff has failed to allege a claim upon which relief can be granted. Plaintiff's FAC does not properly identify which aspects of the by Florida Administrative Code Rule 69V-180.090 that AFNI fails to comply with that makes AFNI's consumer collection agency license invalid, nor does Plaintiff allege how Plaintiff has a cause of action under a Florida Administrative Code Rule. And, as discussed below, Plaintiff fails to allege any means by which this Court has the authority to declare Defendant's license invalid. For these reasons, Plaintiff's claims under section 1692e must be dismissed.

3. **Only the Commission can determine that a license is invalid and should be revoke.**

Plaintiff's FAC also falters because there is no method by which a license can become void or invalid; rather, only office of the Commission can make such a determination. The Office of the Commission is tasked with enforcement of section 559.

Fla. Stat. § 559.554 ("The office is responsible for the administration and enforcement of this part."). Section 559.730 states that "the following acts constitutes a ground for which the *disciplinary actions* specified in subsection (2) may be taken against a person registered or required to be registered under this part: . . . Failure to maintain, preserve, and keep available for examination all books, accounts, or other documents required by this part and the rules of the commission. Fla. Stat. § 559.730(a) (emphasis added). This section includes an enforce provision which states:

> (2) *If the office* finds a person in violation of any act specified in this section, it may enter an order imposing one or more of the following penalties:
> (a) Issuance of a reprimand.
> (b) Suspension of a registration, subject to reinstatement upon satisfying all reasonable conditions imposed by the office.
> (c) *Revocation of a registration.*
> (d) Denial of a registration.
> (e) Imposition of a fine of up to $10,000 for each count or separate offense.
> (f) An administrative fine of up to $1,000 per day for each day that a person engages as a consumer collection agency without a valid registration issued under this part.

Fla. Stat. § 559.730(b) (emphasis added). The statute makes it clear that it's the office of the Commission that is responsible for determining whether an agency complies with applicable statutory or administrative requirements, not the Courts through a private lawsuit.

Further, there is no provision in section 559 that states, implicitly or explicitly, that failure to maintain the required records make the license automatically void. Fla. Stat. § 559.730. Rather, it only states that if the Office finds a person or agency in violation of this section, it can—but does not have to—impose specific penalties, including the revocation of a license. *Id.* Neither Plaintiff nor this Court is a part of the Office of the Commission, and

therefore lacks the statutory power required to determine that a consumer collection agency license is invalid.

A similar situation was addressed in *Hucke v. Kubra Data Transfer Ltd., Corp.*, 160 F. Supp. 3d 1320, 1327 (S.D. Fla. 2015), albeit under a different provision of Title XXXIII, Regulation of Trade, Commerce, Investments, and Solicitations. In that case, which dealt with the Money Transmitter Statute, which provides: "[A] person may not engage in, or in any manner advertise that they engage in, the selling or issuing of payment instruments or in the activity of a money transmitter, for compensation, without first obtaining a license under this part." *Id.* (citing Fla. Stat. § 560.204(1)). First, the court determined that "[v]iolations of the Money Transmitter Statute are enforced by the Office of Financial Regulation of the Financial Services Commission." *Hucke*, 160 F. Supp. 3d at 1327. The court then dismissed Plaintiff's common law claims, "[i]n light of the Florida Legislature's indication that this statute should be enforced by the Office of Financial Regulation of the Financial Services Commission." *Id.* The court determined that allowing a private lawsuit over this claim "would essentially allow an end-run around the Legislature's decision not to provide a statutory cause of action." *Id.*

In a similar case, the court in *Cross v. Point & Pay, LLC*, 274 F. Supp. 3d 1289, 1295 (M.D. Fla. 2017) agreed with the court in *Hucke*, holding:

> Accordingly, the Court must look to section 560.204 to determine whether the statute provides any indication—explicit or implicit—that contracts with a money transmitter who is not properly licensed are void and illegal. It does not. *The enforcement of section 560.204 is delegated to the Office of Financial Regulation of the Financial Services Commission. See* Fla. Stat. §§ 560.105, 560.113, 560.114; see also Fla. Stat. § 560.103 (defining "office" as the "Office of Financial Regulation" and "commission" as the "Financial Services Commission" for purposes of Chapter 560). Further, "[t]he statute does not indicate that a violation of the licensing requirement voids a

> transaction engaged in by the unlicensed Money Transmitter." *Hucke*, 160 F. Supp. 3d at 1327. While the statute "refer[s] to possible restitution," it is "only in the context of an administrative enforcement ction." *Id*.; *accord*. Fla. Stat. § 560.113(3); see also Fla. Stat. § 560.116 ("Any person having reason to believe that a provision of this chapter is being violated, has been violated, or is about to be violated, may file a complaint with the office setting forth the details of the alleged violation."

*Cross*, 274 F. Supp. 3d at 1295 (emphasis added).

The reasoning from *Cross* applies in this case as well. First, the enforcement of the licensing provisions, investigations, and determinations as to whether an agency complies with the requirements of Florida Administrative Code Rule 69V-180.080, and decisions to suspend or revoke a consumer collection agency license is delegated to the Office of the Commission. Fla. Stat. § 559.730(b). It is not a question for judicial review and allowing Plaintiff to shoehorn this into an FDCPA claim "would essentially allow an end-run around the Legislature's decision not to provide a statutory cause of action." *Hucke*, 160 F. Supp. 3d at 1327.

The fact that a registration must be suspended or revoked by the Office of the Commission is further reinforced by section 559.563, which states that "[a]ny registration made under this part based upon false identification or false information, or identification not current with respect to name, address, and business location, or other fact, which is material to such registration, shall be void." Fla. Stat. § 559.563. Thus, the statute shows that the only a license can be considered void is if the license is registered on false identification or false information. *Id.* Even then, the statute and the case law show that registration is complete upon submission of the registration and the associated fee. *Welch v. Fla. W. Coast*, 816 So. 2d 711, 713 (Fla. Dist. Ct. App. 2002) ("We conclude that under the provisions set out above, registration is complete upon submission of the registration form

together with the required fee but may be rejected thereafter."). Further, the provision of the statute stating when a registration is void contains no private right of action, further indicating that the Florida legislature's decision to delegation enforcement of the licensing provision to the Office of the Commission. Therefore, as Defendant's license could only be considered invalid by the Office of the Commission, and Plaintiff makes no allegations and offers no citation to any decision finding as such, Plaintiff's claims under this provision must be dismissed.

## V.   Conclusion

Defendant has a valid consumer collection agency license. Exhibit A. Plaintiff seeks to have this Court declare that the license was invalid, void, or voidable, but there is no avenue for the Plaintiff to seek such relief. The statute makes it clear that such a decision is left up to the Office of the Commission, as the Florida legislature clearly intend for the Office of the Commission to be the agency in charge of enforcing any licensing provision under section 559 and Florida Administrative Code Rule 69V-180.080. For these reasons, Plaintiff has failed to state a claim upon which relief can be granted, and Plaintiff's claims under section 1692e should be dismissed.

*/s/ Charles J. McHale*
CHARLES J. MCHALE, ESQ.
Florida Bar No.: 0026555
cmchale@gsgfirm.com
**GOLDEN SCAZ GAGAIN, PLLC**
1135 Marbella Plaza Drive
Tampa, Florida 33619
Phone: (813) 251-5500
Fax: (813) 251-3675
Counsel for Defendant